# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

_____/

**Plaintiff.**

**Darryl West and Children**

**V.**

**Defendants.**

1. **ANN ARBOR HOUSING COMISSION.**

2. Maria Spencer, (Housing case specialist)

3. Wynisa Brand, (Housing specialist Supervisor)

4. Jennifer Hall, (Housing Commission Director)

5. Kimberly Nevels, (Acting Director-Region V)

_____/

Case:2:17-cv-10566
Judge: Friedman, Bernard A.
MJ: Davis, Stephanie Dawkins
Filed: 02-22-2017 At 02:04 PM
CMP WEST V. ANN ARBOR HOUSING COMMI
SSION ET AL (DA)

**Jury Trial:** ___Yes   **X** No

## Complaint Civil Case

## Count 1. Discrimination of a Single male father on the basis of Gender.

**Now Comes** the Plaintiff and states to this Honorable Federal Court the following; Under **U.S. Code Title 42, Chapter 21 - Civil Rights**

1. The Defendants have on two separate occasions Discriminated against the plaintiff and his two children when handling the process of managing and maintaining their Section 8 Housing vouchers on two separate occasions by Improper Termination.

2. The defendants did on numerous occasions make false statements or presentations to a hearing official during the appeal

**1.**

Hearing, in a clear attempt to thwart the plaintiff from continuing their Section 8 financial housing assistances Voucher.

3. The defendants did not allow the plaintiff's to file a appeal during their denial of the first attempt by the plaintiff to have the Ann Arbor Housing Commission Transfer a housing voucher for the children of Kim Gillenwaters known as Joey and Jalyn West, after her Domestic Violence Conviction, while Kim and the children were family members receiving a Section 8 Housing Voucher.

## I. The Parties to This Complaint

### A. <u>The Plaintiffs:</u>
**Name:** Darryl West and Children, Joey & Jalyn West
**Street:** 5650 Carpenter road
**City & County:** Ypsilanti, MI. Washtenaw, County.
**Telephone Number:** (734) 961-2493
**E-Mail Address:** darrylsfamily2@gmail.com

### B. <u>The Defendant(s)</u>
**Defendant No. 1**
**Name:** Department of Housing & Urban Development through the Ann Arbor Housing Commission.
**Job Title:** To provide housing funds to the Public for the United States Government.
**Street Address:** (Housing Office), 727 Miller Avenue.
**City & County:** Ann Arbor, MI. Washtenaw County.
**Telephone Number:** (734) 794-6720

**2.**

**Fax.** (734) 994-0781

**E-Mail** housingcommission@a2gov.org

**Defendant No. 2**

**Name:** Maria Spencer

**Job Title:** Section Eight Housing (Case Manager)

**Street Address:** (Housing Office), 727 Miller Ave.

**City & County:** Ann Arbor, MI. Washtenaw County.

**Telephone Number:** (734) 794-6720

**Fax:** (734) 994-0781

**E-Mail** housingcommission@a2gov.org

**Defendant No. 3**

**Name:** Wynisa Brand

**Job Title:** Section Eight Housing (Housing, Supervisor)

**Street Address:** (Housing Office), Miller Street.

**City & County:** Ann Arbor, MI. Washtenaw County.

**Telephone Number:** (734) 794-6720

**Fax:** (734) 994-0781

**E-Mail** housingcommission@a2gov.org

**Defendant No. 4**

**Name:** Jennifer Hall

**Job Title:** Section Eight (Housing Commissions Director)

**Street Address:** (Housing Office), 727 Miller Avenue.

**City & County:** Ann Arbor, MI. Washtenaw County.

**3.**

**Telephone Number:** (734) 794-6720

**Fax:** (734) 994-0781

**E-Mail** housingcommission@a2gov.org

**Defendant No. 5**

**Name:** Kimberly Nevels

**Job Title:** Acting Director for Region V

**Street Address:** 77 West Jackson Blvd, Room 2101

**City & County:** Chicago, Illinois 60604

**Telephone Number:** (614)-280-6128

## II. Basis for Jurisdiction

Under 28 U.S.C. $ 1331, a case arising under the United States Constitution of Federal Laws or treaties is a federal question case. This is a case of Discrimination of a male Parent therefore this Matter is a Federal Court issue

### A. The Basis for Jurisdiction as being a Federal Question is

Under Federal Act Any type of Discrimination is a unlawful, based on federal law

U.S Code Title 42, Chapter 21—Civil Rights.

Title 42, Chapter 21 of the U.S. Code prohibits discrimination against persons based on age, disability, gender, race, national origin, and religion (among other things) in a number of settings—including education, employment, access to businesses and buildings, federal services, and more. Chapter 21 is where a number of federal acts

4.

related to civil rights have been codified—including the Civil Rights Act of 1866, Civil Rights Act of 1964, and the Civil Rights institutionalized persons Act.

### III. Amount in Controversy

The plaintiff's claim the defendants owes the plaintiff; the amount at stake is in excess of **$75,000.00**. Not including interest and costs of the Court.

### 4IV. Statement of Claim:

The Ann Arbor Housing Commission with and through its employees listed in this complaint terminated the plaintiff's federal housing assistance voucher , also known as a Section Eight Housing Voucher for a rent subsidy. Because he is the male farther of two children further the Section Eight employees did know the children listed in this complaint through prior associations with their mother Kim Gillenwaters, who lost custody to the plaintiff through the Local Family Probate Court, then on a second occasion the same defendants again improperly denied the plaintiff of being listed as a head of house hold, and then denied the plaintiff the proper consideration transfer of a second voucher, where the plaintiff and the children were listed as family members on this second voucher, when  there was again a family break up. The HUD policies clearly define the proper elements to consider when dealing with a family break up. The other family member known as Jeffery West was not even a proper candidate for this type of family Section Eight Housing Voucher.

5.

## V. Relief

The plaintiff's request this honorable Federal Court to award a monetary judgment to compensate the Plaintiff for a amount that the Plaintiff's would have received from a Section Eight Housing voucher for the balance of his life, because the plaintiff is a disabled person who collect's Social Security Disability and who would qualify for,The Plaintiff requests this Court to make the proper calculation to determine the amount for a proper monetary judgment.

## VI. Certification and Closing:

Under Federal Rule of Civil Procedure 11. by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. (2) Is supported by existing law or by a non frivolous argument for extending modifying or reversing existing law or rules. (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation of discovery; and (4) The complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I

**6.**

understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing _Feb 18Th_ 20_17_

Signature of Plaintiff: _Darryl West_

**Printed Name of the Plaintiff: Darryl West**

Document created by; the plaintiff Darryl West

Phone: (734) 961-2493

7.

## Additional Information to Support this Complaint:

The following documents are presented to this Court to Support this Complaint.

1. Final HUD report regarding the plaintiff's Complaint
2. Response from the plaintiff to the final HUD report.
3. Court ordered child custody document dated September 25th 2006
4. Court granted Protection Order for the plaintiff and children dated March 13th 2006 another order for PPO violation on April 13th 2006 then extended the PPO order on July 17th 2007
5. Notice from the office of the Prosecuting Attorney stating that the children's Mother plead guilty to Domestic Violence Aggravated on March 23rd 2006
6. Notification letter from Plaintiff/Darryl West to Ann Arbor Housing Commission C/O Maria Spencer explaining the PPO and court Ordered Custody
7. Plaintiff's letter to Ann Arbor Housing Commission / Maria Spencer showing the domestic violence conviction and the Courts custody order.
8. AAHC recertification for 2013 that shows the this Court that the plaintiff's family / Darryl, Joey, and Jalyn West were in fact listed as family members on the Section Eight Voucher recertification and signed by the plaintiff as Co Head of the Household at 5650 Carpenter road Ypsilanti, MI 48197 with Jeff West included.
9. Letter to Maria Spencer when childrens mother lost custody to plaintiff.
10. Social Security eligibility letter amount $667.00 monthly
11. Power of Attorney showing that Jeffrey West want the Plaintiff to handle and his business in life including all medical care as if the plaintiff was a parent (otherwise known as the head of the household)
12. Medical needs form from Jeff's Doctor showing his medical needs, fax transmission notes at top of form to Section 8 Office.

**8.**

**Section 8 Housing Voucher Program - Notice of Change to Lease and Contract**

013
.it Code: t0001355

ɟFERY WEST
.650 Carpenter Rd.
Pittsfield Twp., MI 48197

RECEIVED
DEC 0 4 2013

The contract dated 12/01/2012, entered into between the Owner, Drinda Osborn and the PHA, Ann Arbor Housing Commission and the LESSEE ('FAMILY'), JEFFERY WEST(t0001355) for the following described unit 5650 Carpenter Rd., Pittsfield Twp., MI 48197 is amended as follows:

## The reason for this change is due to:

[ ] **REEXAMINATION**
       Annual Review of family income and/or composition.

[X] **INTERIM ADJUSTMENT**
       Interim change in family income and/or composition.

[ ] **RENT ADJUSTMENT**
       The owner/agent request for a rent adjustment.

[ ] **CHANGE IN FAMILY COMPOSITION**

| Adjustment in Payment | From | To |
|---|---|---|
| HAP Payment | $ 342 | $ 553 |
| Tenant Rent | $ 803 | $ 592 |
| Total Rent to Owner | $ 1,145 | $ 1,145 |
| URP | $ 0 | $ 0 |

## Effective Date

This change to the Housing Voucher Contract and/or Lease Agreement will be effective from 11/01/2013. The next reexamination is due on 11/01/2014.

This change is presented to you in accordance with the terms and conditions of the Housing Voucher Contract and/or Lease Agreement and shall be attached to and made a part of your Housing Voucher Contract and/or Lease Agreement. All other covenants, terms and conditions of the original Housing Voucher Contract and/or Lease Agreement remain the same.

To the Tenant Only
If you disagree with this decision, you may request an informal hearing. If a hearing is desired, you must submit a written request to this office within 14 days of this notice or your right to a hearing will be waived.

## Signatures

**Housing Agency: Ann Arbor Housing Commission**

Signature

(Official Title)  *Housing Mgr*

Date  *12-5-13*

**Family: JEFFERY WEST**

Signature

Date  *12-4-13*

X
Spouse or Co-Head's Signature

Date  *12-4-13*

# Calculation Summary
## JEFFERY WEST (t0001355)
### 9/16/2013

Program: **Section 8 Voucher**

Date Modified: **9/16/2013**

Tenant Phone:

Unit Address: **5650 Carpenter Rd.**
**Pittsfield Twp., MI  48197**

Caseworker: **Maria Spencer**

Mailing Address: **5650 Carpenter Rd.**
**Pittsfield Twp., MI  48197**

1 B

## Calculations Based On:

Action Type: **2**

Effective Date: **11/1/2013**

Next Re-exam due: **11/1/2014**

Admit Date: **2/1/1989**

## Family Members:

| # | Last Name | First Name | Birth date | Age | Sex | Relation | Citizen | Disabled | Race | Ethnicity | SS# |
|---|-----------|-----------|-----------|-----|-----|----------|---------|----------|------|-----------|-----|
| 1 | WEST | JEFFERY | 8/10/1985 | 28 | M | H | EC | Y | 1 | 2 | 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 |
| 2 | WEST | DARRYL | 11/30/1956 | 56 | M | A | EC | Y | 1 | 2 | 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 |
| 3 | WEST | JOSEPH | 2/3/2003 | 10 | M | Y | EC | N | 1 | 2 | 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 |
| 4 | WEST | JAELYN | 4/28/2004 | 9 | F | Y | EC | N | 1 | 2 | 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 |

## Assets:

| Family Member | Type of asset | Description | Cash value of asset | Anticipated Income |
|---------------|---------------|-------------|---------------------|--------------------|
| JEFFERY WEST | Checking Acct.-Joint | TCF Bank | $ 0 | $ 0 |
| | | Totals: | $ 0 | $ 0 |

Passbook Rate: **0.02**

Imputed Income: $ 0

Final Asset Income: $ 0

## Income:

| Family Member | Income code | Description | Dollars per year | Income Excluded | Income after Exclusion | Deductions |
|---------------|-------------|-------------|------------------|-----------------|------------------------|------------|
| JEFFERY WEST | S | SSI | $ 2,352 | $ 0 | $ 2,352 | |
| DARRYL WEST | S | | $ 7,608 | $ 0 | $ 7,608 | |
| DARRYL WEST | T | FIP | $ 3,288 | $ 0 | $ 3,288 | |
| JEFFERY WEST | G | FAP | $ 2,400 | $ 2,400 | $ 0 | |
| JEFFERY WEST | SS | | $ 6,408 | $ 0 | $ 6,408 | |
| DARRYL WEST | G | FAP | $ 5,820 | $ 5,820 | $ 0 | |
| DARRYL WEST | S | Qrtrly SSI | $ 168 | $ 0 | $ 168 | |
| DARRYL WEST | W | | $ 2,594 | $ 0 | $ 2,594 | |
| JEFFERY WEST | S | State Asst. | $ 1,884 | $ 0 | $ 1,884 | |
| | | | | Total Annual Income: | $ 24,302 | |

# POWER OF ATTORNEY
## DELEGATING PARENTAL AUTHORITY
### (With Consent for Medical Care)

BE IT KNOWN that Darryl West. Of 5650 Carpenter Rd Pittsfeild Twp Michigan. 48197 the undersigned being the Lawful Guardian (Custodion) of Jeffery Chase West, S.S. #379 96 2706 adult person (Grantor) Does hereby grant to Darryl West. As Custodian of said Adult. The following powers, authorities and consents:

1. Grantor consents to the permanent custody and control of said Adult by the Custodian for the period and purpose as follows: To handle all of Grantor business and to manage all living arrangements and money issues till a court or judge finds Grantor able to care and manage Grantors affairs.

2. Grantor authorizes the Custodian to do and undertake all acts as are reasonable and necessary to protect the best interest and welfare of the Adult while under the care of the Custodian. Without limiting the generality of the foregoing, the Custodian is further authorized to provide emergency and general medical care which the Custodian in his or her discretion deems necessary or advisable for any legal or medical reason sustained by this Adult during this period of custody.

3. Grantor consents to any reasonable discipline imposed upon this Adult by the Guardian provided that said discipline does not constitute unreasonable abuse.

4. Grantor agrees to hold harmless the Custodian and its lawful agents and employess from any loss or liability arising during this custody, excepting for any acts of ordinary negligence, gross negligence or wanton, willful or reckless conduct. Grantor specifically aggress to reimburse Custodian for any reasonable expenditures required for this proper care of said (Adult). *pw sw*

(Other: Both parties are to initial each section after reading;)

Singed this *8th* day of *September*, (year) *2010*

In the presence of:

_____ *Debre Graham*     _____
Witness                                  Grantor

_____ *Theresa VanBuren* _____ *Darryl West*
Witness                                  Custodian

STATE OF *Michigan* }

COUNTY *Washtenaw* }

On *9-8-10* Before me, *Rasela Dillon* . personaly appeared

*Jeffery C West + Darryl West* . personaly known to me ( or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are in his authorized capacity, and that his signature on the instrument the person, or the entity upon behalf of which the person acted. Executed this instrument. WITNESS my hand and official seal..

Signature *Rasela McLell*

Affiant ✓ Known _____ Unknown

ID Produced *DL + Student ID*

(Seal)

RASELA M DILLON
Notary Public, Washtenaw County
Acting in Washtenaw County, MI
My Commission expires 7/13/2014

## NOMANATION

I Jeffrey West herby nominate Darryl West of 5650 Carpenter Rd Pittsfield Twp

Michigan. To be my legal Custodian (Legal Representive) for of

My legal, medical, financial, and any other condition that might arise in

My life from this Day on September 3rd 2010

Signature _____

**MEDICAL NEEDS**
State of Michigan
Department of Human Services

**INSTRUCTIONS:** To be completed annually by a physician, nurse practitioner, physical or occupation therapist. Please ...

Case Name
Jeffrey West - ...

Case Number
...

Patient's Name
Jeffrey West

Patient's Name

06/10/1985

| County | District | Section | Unit |
|--------|----------|---------|------|
| | 20 | 82 | 18 |

Medical Provider:
We would appreciate your cooperation in completing the spaces checked below. ...

I hereby authorized to release the information requested below to the Department of Human Services.

Patient or Representative's Signature

Patient's Name
Jeffrey West

Medical Specialist's Signature

CLINTON, MI

Diagnosis(es) / Treatment plan for this service:
Bipolar Disorder    Pervasive Developmental ...

Chronic ongoing illness    ☑ YES    ☐ NO

Estimated number of office or clinic visits    ☐ per day    ☑ week    ☐ month    ☐ quarter    ☐ Other (Please Specify)

Is the patient incontinent?    ☐ YES    ☑ NO

Does patient need special transportation? If Yes, indicate mode of transportation needed (e.g., van with wheelchair lift, ambulance, etc.)    ☐ YES    ☑ NO

Does someone need to accompany the patient to the medical appointment?    ☐ YES    ☑ NO

Do you certify the patient has a medical need for assistance with any of the personal care activities listed below?    ☑ YES    ☐ NO

☐ Specialized Feeding
☐ Catheters or Leg Bags
☐ Colostomy Care
☐ Bowel Program

☐ Grooming
☐ Seizure Prevention
☐ Range of Motion

Can patient work at any job?    ☐ YES    ☐ YES, but with limitations (Specify below)    ☑ NO (How long)

Is the spouse or parent of the above disabled individual?
☐ Yes ☐ No (Needed in the home to provide care)

☐ Yes ☐ No (Cannot engage in work due to ...)

Date    10/14/10

Daniel Hawley MD

Date    10/14/10

AUTHORITY: Federal 45 CFR of 233.20, CFR 440.10 and CFR 440.80
COMPLETION: Voluntary
PENALTY: Benefits may be denied.

DHS-54A (Rev. 10-08) Previous edition may be used. MS Word

RECEIVED

SEP 2 9 2015

ANN ARBOR
HOUSING COMMISSION   **September 29th 2015**

**To: Section 8 Manager / Wynicia**

**From: Darryl West**

**Ref: Hearing notices for the week of September 29th 2915**

Wynica it is Tuesday September 29th 2015 at 9:300 A.m... I am present at the section 8 office in Ann Arbor MI on Miller St. I have received four letters this week from this office; none were signed by the case manager / Maria Spencer. The letters say I have two different hearing dates and no adjournments postponements and no rescheduled date. Really this is just a continuation of all that I have been through with Maria Spencer for the past five years. I will require a date stamp from the clerk if there really is no hearing, If there is a hearing I am objecting to this hearing being held today without giving oper notice.

**Created by: Darryl West**

*Darryl West*

*Section 8*
*Family Break up and*
*Live in Aid*

*5*

participant family outside the PHA jurisdiction under portability procedures.

(d) *Notice that family wants to move.* (1) If the family terminates the lease on notice to the owner, the family must give the PHA a copy of the notice at the same time.

(2) If the family wants to move to a new unit, the family must notify the PHA and the owner before moving from the old unit. If the family wants to move to a new unit that is located outside the initial PHA jurisdiction, the notice to the initial PHA must specify the area where the family wants to move. See portability procedures in subpart H of this part.

(e) *When PHA may deny permission to move.* (1) The PHA may deny permission to move if the PHA does not have sufficient funding for continued assistance.

(2) At any time, the PHA may deny permission to move in accordance with § 982.552 (grounds for denial or termination of assistance).

[60 FR 34695, July 3, 1995, as amended at 61 FR 56913, Oct. 21, 1999]

### § 982.315   Family break-up.

(a) The PHA has discretion to determine which members of an assisted family continue to receive assistance in the program if the family breaks up. The PHA administrative plan must state PHA policies on how to decide who remains in the program if the family breaks up.

(b) The factors to be considered in making this decision under the PHA policy may include:

(1) Whether the assistance should remain with family members remaining in the original assisted unit.

(2) The interest of minor children or of ill, elderly or disabled family members.

(3) Whether family members are forced to leave the unit as a result or actual or threatened physical violence against family members by a spouse or other member of the household.

(4) Other factors specified by the PHA.

(c) If a court determines the disposition of property between members of the assisted family in a divorce or separation under a settlement or judicial decree, the PHA is bound by the court's determination of which family members continue to receive assistance in the program.

### § 982.316   Live-in aide.

(a) A family that consists of one or more elderly, near-elderly or disabled persons may request that the PHA approve a live-in aide to reside in the unit and provide necessary supportive services for a family member who is a person with disabilities. The PHA must approve a live-in aide if needed as a reasonable accommodation in accordance with 24 CFR part 8 to make the program accessible to and usable by the family member with a disability. (See § 982.402(b)(6) concerning effect of live-in aide on family unit size.)

(b) At any time, the PHA may refuse to approve a particular person as a live-in aide, or may withdraw such approval, if:

(1) The person commits fraud, bribery or any other corrupt or criminal act in connection with any federal housing program;

(2) The person commits drug-related criminal activity or violent criminal activity; or

(3) The person currently owes rent or other amounts to the PHA or to another PHA in connection with Section 8 or public housing assistance under the 1937 Act.

[63 FR 23860, Apr. 30, 1998; 63 FR 31625, June 10, 1998]

### § 982.317   Lease-purchase agreements.

(a) A family leasing a unit with assistance under the program may enter into an agreement with an owner to purchase the unit. So long as the family is receiving such rental assistance, all requirements applicable to families otherwise leasing units under the tenant-based program apply. Any home-ownership premium (e.g., increment of value attributable to the value of the lease-purchase right or agreement such as an extra monthly payment to accumulate a downpayment or reduce the purchase price) included in the rent to the owner that would result in a higher subsidy amount than would otherwise be paid by the PHA must be absorbed by the family.

(b) In determining whether the rent to owner for a unit subject to a lease-

STATE OF MICHIGAN
_____ JUDICIAL CIRCUIT
COURT

MODIFIED
PERSONAL PROTECTION ORDER
EX PARTE
(DOMESTIC RELATIONSHIP)

CASE NO.

6A

Court telephone

Respondent's name, address, and telephone no.

Social security no. (if known)   Driver's license number (if known)

Name of respondent (type or print):

Sex   Race   Date of birth   Age   Hair color   Eye color   Other identifying information

F   51

Judge   Nancy C. Francis   P-34766

☐ without a hearing   ☒ after hearing

The petitioner _____ is prohibited from

☐ entering onto property where petitioner lives
☐ entering onto property at: 565 CARPENTER Rd. ANN ARBOR MI
☐ ... assaulting, molesting, or wounding PETITIONER
... the children from petitioner who has legal custody, except as allowed by custody or parenting time ...

PETITIONER

☐ ...

6 B

**STATE OF MICHIGAN**
**IN THE COURT FOR THE 22ND JUDICIAL CIRCUIT**
**FAMILY DIVISION**

_____West_____,
Petitioner

Hon. NANCY C. FRANCIS

06-'478 PP

v.

_____Gillenwaters_____,
Respondent

## ORDER FOLLOWING HEARING ON PERSONAL PROTECTION CASE

On __4-13-06__ a hearing was held on Petitioner's/~~Respondent's~~:
____ Motion to Terminate/Modify PPO
____ Petition for a PPO
__✓__ Other _Violation of PPO Hearing_____.

FINDINGS: _Respondent pled guilty to Violation of PPO_____

IT IS ORDERED THAT:
____ The Petition for Personal Protection Order (PPO) is denied.
____ The Petition for PPO is granted.
____ The Motion to Terminate is granted/denied/dismissed.
____ Motion to Modify is granted/denied.
____ Hearing adjourned/continued to_____.

IT IS FURTHER ORDERED THAT
____ The PPO remains in full force and effect.
____ A new PPO (has been signed) (will be signed).
____ The case is dismissed.
____ The PPO is terminated and is to be removed immediately from LEIN
__X__ Violation of the PPO has ~~(not)~~ been sustained. The Respondent is ordered to
_Sentence: Obey Probationary requirements; follow PPO; no_
_alcohol or drugs; complete Intake for Home of New Vision_.
__Other _93days in jail suspended._____.

_Nancy C. Francis_____     4-17-06 .
Nancy C. Francis, Family Division Judge          **Date**

cc: Dan Hunter, J.D.
Andy Finta, J.D.



# Office Of Prosecuting Attorney
## Brian L. Mackie, Prosecutor
April 3, 2006

Chief Assistant
Joseph Burke
Deputy Chief Assistant
Steven Hiller
www.ewashtenaw.org

200 North Main Street
P.O. Box 8645
Ann Arbor, Michigan 48107-8645
Tel. (734) 222-6620
Fax (734) 222-6610

Darryl West
95 Margaret St.
Whitmore Lake, MI  48189

**RE:  People of the State of Michigan v Kimberly Gillenwaters**
**Case No. 06-1433**

Dear Mr. West:

On March 23, 2006 the defendant pled no contest to Count 2, Domestic Violence – Aggravated. Count 1, Felonious Assault, was dismissed. Sentencing will be on **May 17, 2006, 9:00 a.m.** in the 14-A2 District Court, 415 Michigan Ave., Ypsilanti, MI. in front of Judge Tabbey.  **You are not required to attend Sentencing.**

As a part of your rights, you may make a written or oral impact statement for use in the preparation of a presentence investigation report concerning the defendant.  A presentence investigation report is used to provide the Judge background regarding the facts of the offense, the impact of the defendant's actions on you and others, information regarding the defendant's character and possible sentences.  If you wish to give a statement to the Probation Officer who is going to prepare the report, you may **call 14A-2 District Court Probation at 734-484-6695** and reference the above named defendant and case number when calling. The statement to Probation may be made available to the defendant.

Enclosed is information on what a statement might include.  You may wish to write your comments in a letter addressed to the Court before sentencing. Please mail the written statement back in the enclosed self-addressed stamped envelope. Our office will distribute it to the Judge and Probation office.

In addition to making an impact statement to the Probation Officer, you have the right to make an oral statement to the Court before the Defendant is sentenced.  **If you wish to be present at the sentencing or make an oral impact statement or both, please call me at (734) 222-6709.**

Sincerely,
Brian L. Mackie

by: Susan M. Milligan
Victim/Witness Advocate

to speak with the attorney or not.

6 D

Should you have any questions regarding your rights or this case, please contact your victim advocate, Stacy Watrol at 734-222-6677. Please indicate the case number, name of the defendant, and your name when calling our office for information.

Thank you for your assistance

Sincerely,

Stacy Watrol

Stacy Watrol
Victim/Witness Advocate

SOCIAL SECURITY ADMINISTRATION

**Social Security Administration
3971 Research Park Drive
Ann Arbor, MI 48108**

Date: November 30, 2015
Claim Number: XXX-XX-1229A
              XXX-XX-1229DI

DARRYL M WEST
5650 CARPENTER RD
YPSILANTI MI 48197-9009

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, yo
may send them this letter.

Information About Supplemental Security Income Payments

Beginning January 2015, the current
Supplemental Security Income payment is...............$ 657.50

This is after we have withheld 10.00 to recover an overpayment.

This payment amount may change from month to month if income or
living situation changes.

Supplemental Security Income Payments are paid the month they are due. (For
example, Supplemental Security Income Payments for March are paid in March.)

SUSPECT SOCIAL SECURITY FRAUD?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud
Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

IF YOU HAVE QUESTIONS

We invite you to visit our web site at www.socialsecurity.gov on the Internet
to find general information about Social Security. If you have any specific
questions, you may call us toll-free at 1-800-772-1213, or call your local
office at 877-479-9625. We can answer most questions over the phone. If you ai
deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can
also write or visit any Social Security office. The office that serves your
area is located at:

                    SOCIAL SECURITY
                    SUITE A
                    3971 RESEARCH PARK DR
                    ANN ARBOR, MI 48108



## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

DARRYL WEST,

    Plaintiff,

              Case No. 06-1147-DC
              Hon. NANCY C. FRANCIS

-vs-

KIMBERLY GILLENWATER
    Defendant.

                           /

Andrew L. Fanta P29540
Attorney for Plaintiff
4930 Washtenaw Avenue
Ann Arbor, MI  48108
734.434.3800

                           /

## ORDER FOR CUSTODY

Date of Hearing: _9 / 2006_

Date of Entry _9/25/2006_

### PRESENT:  HONORABLE Nancy C. Francis
### Trial Court Judge

Plaintiff filed a complaint for Custody.  Defendant failed to plead or otherwise answer or respond and was defaulted.  Now, therefore,

  IT IS ORDERED:

## CUSTODY

The Plaintiff shall have sole legal custody of the parties' minor children, and the Plaintiff shall have sole physical possession of the parties' minor children, to wit: JOSEPH A. WEST, born. 02/03/03, and JAYLYN A. WEST born 04/28/2004  until they reach the age of 18, graduate from high school, or further order of the Court.

**To: Maria Spencer (Case Manager for the Ann Arbor Housing Commission).**
**From: Darryl West**
**Ref: Joey and Jalyn West Court Ordered Custody Change.**
**Date: October 1st 2006**

Dear Maria Spencer my name is Darryl West. I am the farther of Joey and Jalyn West. Their mother is Kim Gillenwaters. On March 13th 2006 The Court Ordered a Personal Protection Order for Darryl West then on March 23rd 2006 Kim Gillenwaters plead Guilty to Domestic Violence Aggravated. On September 25th 2006 the Family Court Awarded the farther/Darryl West Full Custody of both Joey and Jalyn West and Ordered the mother not to be within 500 feet of the children and the farther, till further Orders from the Probate Court. Kim later plead guilty again to violating that personal protection order on April 13th 2006 Kim Gillenwaters and the two children noted here are receiving a Section Eight Housing Voucher for Rent Assistance. I am requesting you to process a voucher transfer from Kim Gillenwaters house hold to the two children's new house hold under the HUD policy, allowing for this procedure when a family breaks up and part of the family is Domestic Violence Survivors, as these children are.
I am disabled myself and do not work, so I believe that I am also eligible to be put on the children's Voucher as their Head of the household. It is my understanding that the voucher should follow the children under these types of circumstances. Please respond in writing to me. Please send all responses to 9157 Grove Drive Whitmore Lake Michigan 48189. I have tried to reach you by telephone twice I will continue to try to call you when possible. Hope to hear from you soon.


Sincerely Yours

*Darryl West*
Darryl West

## DETERMINATION OF NO REASONABLE CAUSE

**CASE NAME:**   **West, Daryl v. Ann Arbor Housing Commission**
**CASE NUMBER:**   **05-15-1367-8**

### I.   JURISDICTION

Complainant Daryl West alleged that Respondents are responsible for discriminatory denial of a Housing Choice Voucher to himself and his two minor children.  Complainant alleged that Respondents' discriminatory acts were based on his sex, and that he is a victim of domestic violence.  Respondents are Jennifer Hall, Executive Director, and the Ann Arbor Housing Commission (*hereinafter,* AAHC).  Specifically, Complainant Daryl West alleged Respondents deemed him ineligible for a housing voucher in October 2015.  West believes if he were a female with children he would have been offered a voucher.

The subject property is a single family home located at 5650 Carpenter Road, Ypsilanti, MI 48197.  The subject property is not exempt under §803 or §807 of the Act.

If proven to be true, the alleged acts would violate Section 804(b) of the Fair Housing Act of 1988, 42 U.S.C. 3604 *et. Seq.* (*hereinafter,* the "Act".)  In relevant part, 804(b) makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

Respondents receive federal financial assistance through the Housing Choice Voucher Program.

### II.   COMPLAINANT'S ALLEGATIONS

Complainant Daryl West alleged Respondent violated the Act on the basis of sex by failing to allow him to maintain a voucher for himself and his two minor children. Complainant alleged that after a domestic violence incident in 2010, in which he was the victim, Respondent allowed a housing voucher to be maintained by the accused.  Complainant alleged he did not dispute the fact that he and his children were no longer going to be on his girlfriend's, Kimberly Gillenwater, voucher, because he fully intended to take over his sister's voucher after her death.  Complainant alleged that following the death of his sister on September 7, 2010 he was given custody of his twenty-five (25) year old nephew, Jeffrey West, who is a person with a disability.  Complainant alleged Respondent allowed him and his two children to be on his sister's voucher after his sister's voucher was transferred to Jeffery West until

1

May 2015. His nephew ran away from the home and when Respondent learned that Jeffery West no longer resided in the home, they informed Complainant that he and his children would no longer be eligible to be on the voucher. Complainant alleged Respondent failed to show him a policy explaining why he was no longer eligible and Respondent refused to allow him the opportunity to appeal. Complainant believes if he were female he would have been offered a voucher.

## III.   RESPONDENT'S DEFENSES

On October 5, 2015, Respondents through their Executive Director, Jennifer Hall, provided a response to the allegations. Respondents deny discriminating against Complainant based upon his sex.

When Respondent Jennifer Hall learned that Jeffery West was no longer residing at the home she told Weneshia Brand, Manager of the Housing Choice Voucher Program, to find out what happened that caused Jeffrey West to leave the home. Brand worked with the hospital social workers and several social services workers to locate Jeffrey West. Brand ultimately determined that Jeffrey West had been in the hospital.

Hall tried to explain to Complainant that the voucher was transferred to Jeffrey West because his mother passed away and Complainant and his children were merely added to Jeffrey West's voucher.

During subsequent interviews, it was determined that the AAHC administered the voucher maintained by Kimberly Gillenwater, the mother of Complainant's children, but was unaware of her relationship to Complainant as he was never on her voucher and thus was never permitted to reside with her.

## IV.   FINDINGS

Complaint filed a complaint on September 17, 2015, with the United States Department of Housing and Urban Development (hereinafter, "HUD") alleging he was injured by the discriminatory acts of Respondent. Complainant alleged he is the victim of domestic violence and a domestic incident in 2010 with his children's mother, Kimberly Gillenwater. Complainant alleged that the voucher remained with Kimberly Gillenwater even though he took custody of the children. Complainant alleged that he did not dispute the voucher remaining with Kimberly Gillenwater because on September 7, 2010, his sister, Diane West passed away and he intended to take over her voucher as head of household.

2

During the investigation it was determined through interviews with Weneshia Brand, Manager Housing Choice Voucher Program, and Maria Spencer, Occupancy Specialist, that the voucher Complainant allegedly maintained with Kimberly Gillenwater was administered through the AAHC. However, Complainant was not on the voucher and therefore was not permitted to reside with Kimberly Gillenwater. Additionally, Hall, Brand, and Spencer stated that the AAHC was not aware of any domestic situations between Kimberly Gillenwater and Complainant. During Complainant's interview, he alleged that the voucher was maintained through the AAHC and that he should have been given the voucher because he was a victim of domestic violence and because he took custody of the minor children. Complainant disputes that he was not on the voucher with Kimberly Gillenwater. Complainant was asked to offer documentary evidence supporting his position that he was on the voucher with Kimberly Gillenwater, however no such documentation was forthcoming. Further, AAHC administered the voucher of Kimberly Gillenwater and they verified that Complainant was not on the voucher with Kimberly Gillenwater.

Evidence was provided by the AAHC in the form of 50058 forms from the file of Kimberly Gillenwater during the time she was receiving the subsidy. These 50058 forms reflect that although Kimberly Gillenwater and Complainant's children were added to the voucher upon their births, Complainant was never added as a member of the household.

Complainant's sister Donna West was the voucher holder from AAHC. The facts are undisputed that Donna West was the original recipient of the voucher in question by Complainant. Donna West passed away on September 7, 2010. The record shows that Jeffrey West is the son of Donna West and at the time of her passing Jeffery was twenty-five (25) years of age. Jeffrey West is a person with a cognitive disability; however, the AAHC indicated that Jeffrey West was able to articulate what he wanted and that the Commission believed him capable of maintaining the voucher upon his mother's death. Therefore, upon the death of Donna West on September 7, 2010, the AAHC transferred Donna West's voucher to her son Jeffery West.

Allegedly Complainant West said he obtained a power of attorney (*hereinafter,* POA) for Jeffrey West dated September 8, 2010. Complainant sought to be the head of household on the voucher when Respondents transferred Donna West's voucher to Jeffery West. But Jeffrey West being of adult age was made head of household under the voucher program.

Evidence provided by the AAHC revealed the POA was drafted by Complainant and was not issued through a judiciary body. Evidence offered by the AAHC also revealed Complainant was made aware of Jeffrey West being named head of household on the voucher.

3

The AAHC permitted Complainant and his two (2) minor children to be added to the HCV. However, Complainant asserts he should have been added as head of household to Jeffrey West's voucher. The records show that from 2010 to 2014, there was never an issue related to maintaining the voucher in question; however, in May 2015, Jeffrey West ran away from the home causing him to be unavailable to recertify. Respondent learned that something was amiss when their notification letter to Jeffery West went unanswered. That was very unusual because Jeffery was very responsive when they previously contacted him. When Respondent Jennifer Hall learned that Jeffery was missing, she asked Brand to look for him. Brand worked with the hospital social workers and several social services workers to locate Jeffrey West. After considerable searching Brand located Jeffrey, who had been hospitalized.

Brand and Spencer believed it was necessary to look for Jeffrey West because during their tenure with the AAHC they have never seen person walk away from their voucher. Brand and Spencer were not sure what happened to Jeffrey West, but felt that he would not just walk away from his voucher knowing how hard it would be to get it back once terminated. Brand affirmed that Complainant asked her to stop looking for his nephew, but she continued her search for Jeffrey West until she located him. Brand and Spencer stated that their search for Jeffrey West was not in an attempt to sabotage Complainant's voucher, but to affirm that he didn't want to relinquish his voucher.

When AAHC located Jeffery West they learning that he was concerned for his safety if he had to live with his uncle, the complainant. AAHC approved Jeffery West to keep his voucher. This left Complainant without a voucher.

Brand stated during her interview that HUD regulations and the AAHC's administrative plan prohibit issuing two vouchers to the same family even if they live in separate locations. Brand indicated that since Jeffrey West is the son of Donna West he was designated the head of household and therefore, her voucher was transferred to him.

During their interviews, Respondents Brand and Spencer indicated that upon finding Jeffrey West he told them that he ran away from home because Complainant was trying to kill him by overdosing him with his medication. However, since Jeffrey West was concerned about his safety while living with Complainant, the location of where he was living remained a secret to Complainant.

Further, Respondent Brand indicated that Jeffrey West called the police for assistance and the police took him to the hospital where he remained until social service workers assisted in obtaining him housing. Respondent Brand stated that Complainant attempted to obtain

4

*10*

guardianship of Jeffrey West, but the court refused. Complainant asked Spencer what would happen if one of the people on the voucher died. She informed him that the other would take the voucher over, but since neither he nor Jeffrey West were dead, any answer to that question would not be relevant. Spencer said that Complainant laughed at her answer, and responded "how do you know Jeffrey is not dead." Respondent Brand stated their action in looking for Jeffrey West was based on actual concern for his well-being and not because of their desire to keep Complainant from obtaining a voucher.

### Prima Facie Analysis

To establish a discriminatory violation of Section 804(b) of the Act on the basis of sex, the following prima facie elements must be met:

1) Complainant is a members of a protected class;
2) Complainant met the qualifications to be eligible to receive a housing choice voucher from Respondent;
3) Respondent imposed unfavorable or less favorable terms or conditions on Complainant;
4) Respondent offered more favorable terms or conditions to other persons not members of Complainant's protected class.

The first element is met. Complainant is an African American male; therefore, a member of a protected class. The second element is not met. Complainant was not eligible for a voucher for he and his two (2) minor children. Complainant and his two minor children were added to the voucher of his nephew Jeffrey West. Jeffrey West was and continues to be the voucher holder. The third element is not met. Respondents applied the same eligibility standards to Complainant and his children as they have all other family members. When Jeffery left the home the two men shared, Complainant requested a second voucher for himself and his children. Respondent determined he was ineligible because he was a member of a family that already had a voucher. Respondents applied the same regulation to Complainant as all other voucher requestors. The fourth element is not met. Respondent determined Complainant t was not eligible because he is a member of a family that already has a voucher. The regulations prohibit two vouchers to the same family.

Complainant did not file a complaint based on disability; however, during the investigation Complainant made the statement that he should be given a voucher because of his disability. However, Complainant never stated in his complaint or during his interview that his status as a person with a disability was the reason Respondent denied him a voucher. The reason

5

Respondent denied Complainant's voucher was because he was ineligible as a member of a family that already held voucher.

Complainant also asserted during the investigation that he was a victim of domestic violence and thus should have entitled him to a voucher.  That statement doesn't have validity since AAHC didn't have knowledge that Complainant was a victim of domestic violence.  If the allegation were true it doesn't exempt Complainant from the regulation that he was ineligible as a family member that already had voucher; therefore, was not entitled to receive a second voucher.

V.    **CONCLUSION**

For the reasons set forth above there is no evidence to believe that Respondent violated the Fair Housing Act when Complainant was denied a voucher.  Complainant was ineligible because his nephew that he lived with him was the voucher holder and the regulations prohibit a second family member from receiving a voucher.

VI.   **ADDITIONAL INFORMATION**

Notwithstanding this determination by HUD, the Fair Housing Act provides that the complainant may file a civil action in an appropriate federal district court or state court within two years after the occurrence or termination of the alleged discriminatory housing practice. The computation of this two-year period does not include the time during which this administrative proceeding was pending.  In addition, upon the application of either party to such a civil action, the court may appoint an attorney, or may authorize the commencement of or continuation of the civil action without the payment of fees, costs, or security, if the court determines that such party is financially unable to bear the costs of the lawsuit.

The Department's regulations implementing the Act require that a dismissal, if any, be publically disclosed, unless the respondent requests that no such release be made.  Such request must be made by the respondent within thirty (30) days of receipt of the determination to Director, Office of Enforcement, Office of Fair Housing and Equal Opportunity, 451 Seventh Street S.W. Washington, D.C. 20410.  Notwithstanding such request by the respondent, the fact of a dismissal, including the names of all parties, is public information and is available upon request.

A copy of the final investigative report can be obtained from:

> Office of Fair Housing & Equal Opportunity
> Midwest Regional Office - Region V
> Ralph H. Metcalfe Federal Building
> 77 West Jackson Boulevard, Room 2101
> Chicago, Illinois 60604-3507

6

10 G

_____
Maurice McGough, Director
FHEO, Region V

_____
Date

7

# ANN ARBOR HOUSING COMMISSION

727 Miller Avenue, Ann Arbor, Michigan 48103
Phone (734) 794-6720 • Fax (734) 994-0781 • www.a2gov.org

//

July 22, 2015


Jeffery West
5650 Carpenter Rd.
Pittsfield Twp., MI 48197


Re: Section 8 Annual Recertification

Dear Mr. West,

Recently you were mailed your annual recertification packet with instructions on submitting all required documentation by July 20, 2015.  This deadline has passed and you have not returned your packet.  **Please note you must have this documentation turned in by Friday, July 31, 2015 or a termination letter will be sent to you.**

If you have any questions regarding completion of the packet or the required documentation, please call me at (734) 794-6720, ext. 47214.

Respectfully,

Maria Spencer
Section 8 Occupancy Specialist


Cc:     File
        Landlord



EQUAL HOUSING
OPPORTUNITY

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Darryl West and Children

**DEFENDANTS**

Ann Arbor Housing Comission, Maria Spence, Wynisa Brand, Jennife Hall, Maruise McGough.

**(b)** County of Residence of First Listed Plaintiff **Washtenaw**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Washtenaw**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

per Sey 5650 Carpenter road Ypsilanti,MI 48197

Case:2:17-cv-10566
Judge: Friedman, Bernard A.
MJ: Davis, Stephanie Dawkins
Filed: 02-22-2017 At 02:04 PM
CMP WEST V. ANN ARBOR HOUSING COMMI
SSION ET AL (DA)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Code Title 42, Chapter 21-Civil Rights.

Brief description of cause:
Section 8 vouchers have been termanated without cause twice for the children

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
02/22/2017

SIGNATURE OF ATTORNEY OF RECORD
*Darryl West*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☑ Two (2) completed **Civil Cover Sheets.**

☑ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_____**5**_____ + 2 = ____**7**____ **Complaints.**
# of Defendants        Total

Received by Clerk _**CA**_ Addresses are complete: _✓_

Case: 2:17-cv-10566
Judge: Friedman, Bernard A.
MJ: Davis, Stephanie Dawkins
Filed: 02-22-2017 At 02:04 PM
CMP WEST V. ANN ARBOR HOUSING COMMISSION ET AL (DA)

☐ If any of your defendants are **government agencies**:
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: _____ Receipt #:_____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br>Received by Clerk: _**BA**_ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br>Received by Clerk: _____ | ☑ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☑ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _**CA**_ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13