UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL WEST, *et al*,

        Plaintiffs,

v.

ANN ARBOR HOUSING
COMMISSION, *et al*,

        Defendants.
_____/

Case No. 17-10566

Bernard A. Friedman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION (Dkt. 14)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed the complaint in this matter on February 22, 2017.  (Dkt. 1). Answers to the complaint were filed on March 27 and 28, 2017.  (Dkt. 8, 9).  On April 3, 2017, this matter was referred to the undersigned for all pretrial proceedings.  (Dkt. 10).  Plaintiff filed an amended complaint, as of right under Rule 15, on April 7, 2017.  (Dkt. 11).  Defendants, Ann Arbor Housing Commission, Weneshia Brand (incorrectly identified in the complaint as Wynisa Brand), Jennifer Hall, and Maria Spencer filed what their counsel docketed as an "answer to amended complaint and objections," which is an objection to the amended complaint and a "request" to strike to it on April 18, 2017.  (Dkt. 19). On April 4, 2017, plaintiff filed a motion to strike, motion for summary judgment,

1

and motion for preliminary injunction. (Dkt. 14).[1] The defendants identified above filed their joint response on April 18, 2017. (Dkt. 17).[2]

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and motion for preliminary injunction be **DENIED**.

## II.   FACTUAL BACKGROUND

According to the operative complaint (Dkt. 11), plaintiff brings this suit against the Ann Arbor Housing Commission and several of its employees asserting a claim of housing discrimination based on race, gender, and marital status. According to the amended complaint, defendants have discriminated against him and his two children "when handling the process of managing and maintaining their Section 8 housing vouchers on two occasions by improper termination." (*Id.* at ¶ 1, Pg. ID 79). He further claims that defendants made false statements during the appeal hearing, and that defendants also did not allow him to appeal the denial of the housing voucher transfer. (*Id.*).

---

[1] Plaintiff's motion to strike and defendants' objection and request to strike, as non-dispositive matters, are addressed in a separate order. (Dkt. 43).

[2] On May 8, 2017, defendants Kimberly Nevels and the U.S. Department of Housing and Urban Development filed a motion to dismiss the first amended complaint, which was subsequently terminated by Judge Friedman, pursuant to the parties' stipulation to dismiss HUD. (Dkt. 27, 39). Thus, they are no longer parties to this action.

## III. DISCUSSION

    A.    <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff's motion for summary judgment is only two sentences long. Plaintiff asserts that summary judgment in his favor is justified because of the "lack of reasonable defenses" and the "frivolous unwarranted statements in the defendants' answer." (Dkt. 14, p. 6). In response, defendants asserts that the motion for summary judgment is improperly sought and lacks the proper supporting evidence and proofs.

Summary judgment is appropriate under Rule 56(b) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court stated the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id*. at 478-79. Here, plaintiff has not met his burden of establishing an absence of evidence to support defendants' case. Indeed, plaintiff has failed to meet his burden of production of any evidence supporting his claims in this motion. Thus, plaintiff's motion for summary judgment should be **DENIED**.

B.  Plaintiff's Motion for Preliminary Injunction

Plaintiff requests an injunction against defendants to cease and desist all activities and attempts to "extort" money from his sister, Drinda Osborne. In addition, plaintiff asks the Court to admonish defendants' counsel for the untrue inflammatory statements contained in the answers to the complaint and to direct counsel to not use any other knowingly untrue statements without documented support. In particular, plaintiff takes issue with defendants' claim that he does not have the authority to bring claims on behalf of his children.

As an initial matter, plaintiff does not have authority to bring claims on behalf of his children in federal court, as the court previously explained in detail in the Order Denying Motion for Leave to Amend the Complaint. (Dkt. 40, citing *Beard ex rel. Ford v. Hawkins*, 2015 WL 3915877, at *1 (E.D. Mich. June 25, 2015) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002))). Thus, defendants' statements regarding plaintiff's authority are appropriate and no admonishment or other relief should issue based on such statements.

Second, as defendants correctly point out, it is inappropriate for plaintiff to

4

seek injunctive relief on behalf of another person, who is not a party to this lawsuit. Such a request for injunctive relief should be denied because plaintiff seeks relief for parties and on matters that are not contained in the complaint. *See e.g.*, *Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), report and recommendation adopted, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the present suit for tampering with his mail was unrelated to the complaint was denied and the court noted that it lacked jurisdiction over officials not named parties); *Beasley v. Westbrooks*, 2017 WL 4150462, at *2 (M.D. Tenn. Sept. 19, 2017) (citing *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010)) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."). Plaintiff has not made any connection between the injunctive relief sought and the allegations in the complaint. In addition, plaintiff may not represent the interests of other litigants or nonparties in this lawsuit:

> While an individual may represent themselves pro se, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding. While the power of attorney gives [the plaintiff wife] legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit:

5

that must still be done by a licensed attorney.

*King v. IB Prop. Holdings Acquisition*, 635 F.Supp.2d 651, 659 (E.D. Mich. 2009) (quoting *Kapp v. Booker*, 2006 WL 385306,*2 (E.D. Ky. 2006)); *see also Harriman v. Stockton*, 2007 WL 622968, *5 (E.D. Tenn. 2007) ("The power of attorney gives [plaintiff mother] legal standing to assert claims owned by her son ... on his behalf; however it does not authorize [her] to practice law by representing another person, her son, in a lawsuit: that must still be done by an attorney."). Thus, plaintiff's request for injunctive relief should be denied because (1) he may not seek relief on behalf a non-party and which is unrelated to the allegations in the complaint; and (2) as non-attorney, he cannot seek relief on behalf of others.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and motion for preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise

some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 16, 2018                     s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on <u>January 16, 2018</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: <u>Darryl West, 5650 Carpenter Road, Ypsilanti, MI 48197.</u>

                                  <u>s/Tammy Hallwood</u>  
                                  Case Manager  
                                  (810) 341-7887  
                                  tammy_hallwood@mied.uscourts.gov