UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL WEST, et al.,

    Plaintiffs,                                             Civil Action No. 17-CV-10566

vs.                                                           HON. BERNARD A. FRIEDMAN

ANN ARBOR HOUSING
COMMISSION, et al.,

    Defendants.
_____/

**OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

This matter is presently before the Court on plaintiff's objections [docket entry 41] to Magistrate Judge Davis' December 7, 2017, order denying plaintiff's motion for leave to amend the complaint. Pursuant to Fed. R. Civ. P. 72(a), if a party objects to a magistrate judge's order on a nondispositive matter, the Court must consider the objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is contrary to law if it "fails to apply or misapplies case law, statutes, or procedural rules." *Daniel v. DTE Energy*, 2012 WL 3731749, at *1 (E.D. Mich. Aug. 29, 2012).

After commencing suit on February 22, 2017, and filing an amended complaint on April 7, 2017, plaintiff filed another amended complaint on April 20, 2017. The magistrate judge properly ordered the latter pleading stricken, as it was filed neither with defendants' consent nor with the Court's permission, as required by Fed. R. Civ. P. 15(a)(2). On April 26, 2017, plaintiff

filed a motion seeking leave to file an amended complaint (the same version that was stricken), and it is this motion that is now before the Court on plaintiff's objections to the magistrate judge's order.

It is not clear from plaintiff's motion how the proposed second amended complaint differs from the first or why "justice . . . requires," as stated in Rule 15(a)(2), that the Court permit plaintiff to amend his complaint again. The parties, the jurisdictional averment, and the gist of the claim is the same in both documents. The difference appears to be that the proposed second amended complaint adds more factual detail in the "statement of claim" section and adds a lengthy section listing the various damages plaintiff seeks. Such detail is unnecessary, as a complaint need only contain a "short and plain statement" of the jurisdictional grounds, the nature of the claim, and the relief sought. Fed. R. Civ. P. 8(a)(1). Justice does not require that plaintiff be permitted to amend his complaint to include a factual narrative or what amounts to a brief regarding the various types of damages a court may award.

The proposed amended complaint does include, in para. 8 (on page 3, not to be confused with the para. 8 on page 7 or the para. 8 on page 8), a new allegation that "defendants did commit Extortion by fabricating a letter addressed to the plaintiff sister," but plaintiff's sister is not a party and the magistrate judge correctly noted that plaintiff cannot assert a claim on her behalf. The proposed amended complaint also alleges, in para. 6, that defendants discriminated not only against him but also against his children. But this allegation is also contained in para. 1 of the first amended complaint. Therefore, whether or not plaintiff may assert claims on behalf of his children (a point the parties contest) is not relevant to the question of whether plaintiff should be permitted to file the proposed second amended complaint. That is, assuming plaintiff (a pro se layman) may

represent his children's interests in federal court,[1] plaintiff already asserts such a claim in his first amended complaint; he need not amend the complaint again to do so.

The magistrate judge properly rejected the other reasons plaintiff offered in support of his motion for leave to amend, namely, that the Court permitted him to proceed without prepaying the filing fee, that defendants' defenses lack merit, and that defendants have made "false and very alarming unsupported statements." None of these items explain why the complaint should be amended.

In short, plaintiff has not demonstrated that justice requires the Court to permit him to file his proposed second amended complaint. The magistrate judge's order denying plaintiff's motion for leave to amend is not clearly erroneous or contrary to law. Accordingly,

---

[1] Plaintiff argues that in some cases parents, acting pro se, have been permitted to represent the interests of their minor children. However, the main case plaintiff cites for this proposition, *Lowe v. City of Shelton*, is not, as he asserts on pages 4 and 6 of his objections to the magistrate judge's order, a decision of the United States Supreme Court, but of the Appellate Court of Connecticut, *see* 83 Conn. App. 750, 851 A.2d 1183 (2004), cert. den. 271 Conn. 915, 859 A.2d 568 (2004), and in fact it stands for the opposite proposition: "The authorization to appear pro se is limited to representing one's own cause, and *does not permit individuals to appear pro se in a representative capacity*." 83 Conn. App. at 1190 (emphasis in original). Plaintiff also cites *Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2007 (2007), but in that case the Supreme Court specifically declined to decide "whether IDEA [Individuals with Disabilities Education Act] entitles parents to litigate their child's claims *pro se*." In the third case plaintiff cites, *Machadio v. Apfel*, 276 F.3d 103, 106 (2nd Cir. 2002), the Second Circuit permitted a parent to represent her minor daughter in seeking judicial review of defendant's denial of the daughter's application for Supplement Security Income benefits because the parent's and the child's "interests . . . are closely intertwined," as any benefits would be paid to the parent. Whether the reasoning of *Machadio* should apply equally in the present case is doubtful, given (1) the absence of any allegation that plaintiff's children have applied (or are eligible to apply) for a Section 8 voucher, and (2) the clear Sixth Circuit authority cited by the magistrate judge forbidding a pro se non-lawyer parent from representing a minor child in federal court. In any event, the Court need not resolve this issue in order to affirm the magistrate judge's decision denying plaintiff's motion for leave to file a second amended complaint, as the motion fails for all of the other reasons indicated above.

IT IS ORDERED that Magistrate Judge Davis' December 7, 2017, order denying plaintiff's motion for leave to file an amended complaint is affirmed.


Dated: February 1, 2018        s/Bernard A. Friedman
     Detroit, Michigan        BERNARD A. FRIEDMAN
                                     SENIOR UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2018.

                                       s/Johnetta M. Curry-Williams
                                       Case Manager